UNITED STATES, Appellant,

v.

Thomas Walter BISHTON, Appellee.

No. 5081.

District of Columbia Court of Appeals.

Argued Feb. 17, 1970.

Decided April 13, 1970.

John F. Evans, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellant.

Frank H. Strickler, Washington, D. C., with whom John J. Carmody and William E. Rollow, Washington, D. C., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

The Government appeals[1] from the dismissal of an amended information[2] which charged appellee with the violation of D.C. Code 1967, § 22–702.[3]

The trial court granted appellee's motion to dismiss on the ground that the statute related to an officer under a non-existent body because, through legislative oversight, the statute was not amended to conform to the changes rendered by the reorganization of the District of Columbia government.[4]

The Government concedes that the reorganization was not intended to, nor does it, amend § 22–702. However, it argues that § 22–702 either: (1) is amended by 1 U.S. C. § 1 (1958), which provides, *inter alia,* that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise * * * words imparting the plural include the singular * * * ";[5] or (2) it may be amended by the courts without violating the rule that penal statutes must be strictly construed.

The Government contends that, in light of 1 U.S.C. § 1, a specific statutory amendment dropping the "s" from "Commissioners" would be unnecessary duplication. We do not think, however, that the Government has fully realized the magnitude of the problem. It may be remembered

that the now extinct Board of Commissioners consisted of three members,[6] two of whom, sitting as a board, constituted a quorum for the transaction of business.[7] The business transacted included appointments to, and removal of officers from, offices under *them*.[8] It was in this context that § 22–702 was drafted and it is clear from this that no one could have held any office under *a Commissioner* of the District of Columbia. Individually, they were not authorized to appoint or remove officers and, in this context, 1 U.S.C. § 1 would have been inapplicable.

Nor may this section be applied to § 22–702 in its present context. To do so would mean more than imparting the singular to a plural phrase, for the changes rendered by the reorganization were more than merely substituting one man for three. For example, the Commissioner was assigned the executive functions while the new District of Columbia Council was assigned the quasi-legislative functions, both of which were formerly exercised by the Board of Commissioners.[9] The purpose of such change was to do away with "obsolete" machinery and "to bring Twentieth Century government" to the District of Columbia.[10]

We will not distort the plain language of 1 U.S.C. § 1 by attempting to apply it to a situation where it is clearly inapplicable.

---

1. D.C.Code 1967, § 23–105(a) (Supp. II, 1969).

2. The information was amended by striking "s" from the word "Commissioners."

3. This section provides, in pertinent part, that:
   [e]very person who * * * takes, receives. or agrees to receive any money * * * for giving, procuring, or aiding to give or procure any office, place, or promotion in office from the *Commissioners* of the District of Columbia, or from any officer under them * * * shall be deemed guilty of a misdemeanor * * *. [Emphasis supplied.]

4. The Reorganization Plan No. 3 of 1967, D.C.Code 1967, Title I—Appendix, p. 32 (Supp. II, 1969), provided for the abolishment of the Board of Commissioners of the District of Columbia while simultaneously creating the office of Commissioner of the

District of Columbia and the District of Columbia Council.

5. The Government failed to bring to our attention that D.C.Code 1967, § 49–202 is similar to 1 U.S.C. § 1 and that it should be used to construe D.C.Code provisions. However, our reasoning with respect to 1 U.S.C. § 1 applies with equal force to § 49–202.

6. D.C.Code 1967, § 1–201.

7. *Id.*, § 1–211.

8. *Id.*, § 1–216.

9. Letter of Transmittal (accompanying Reorg.Plan No. 3, *supra* n. 4), D.C.Code 1967, Title I—Appendix, p. 44 (Supp. II, 1969).

10. *Id.*

In making its second argument as a basis for reversal, the Government, as it must, acknowledges the rule of law that "[a] criminal statute is to be construed strictly, not loosely." [11] But the Government argues that the plain principle behind the rule, that the power of punishment is vested exclusively in the legislature,[12] is not present here. It argues that there is no danger of judicial enlargement of the legislative intent. We are of a contrary view; we can see no alternative but, if we adopt the Government's position, to enlarge upon the clear intention of Congress when it drafted § 22–702. There was no Commissioner or Council as we know them when § 22–702 was drafted; the legislature could not have intended to include either in § 22–702.

We note, too that a section such as D.C. Code 1967, § 1–1211 (Supp. II, 1969) which provides that references to the "Commissioners" in Chapter 12 of Title 1 shall be deemed to refer to the Commissioner of the District of Columbia, has not been added to Chapter 7 of Title 22. This omission also supports the trial court's conclusion that there was a legislative oversight.

Of course, the alleged conduct of appellee was of the same general type Congress was seeking to prohibit and we do not wish to frustrate its purpose. However, "[t]he fact that a particular activity may be within the same general classification and policy of those covered does not necessarily bring it within the ambit of the criminal prohibition." [13]

Since this case is not plainly within the statute, and we are restrained from creating constructive offenses, [14] we affirm.

Affirmed.

11. United States v. Boston & Me. R.R., 380 U.S. 157, 160, 85 S.Ct. 868, 870, 13 L.Ed. 2d 728 (1965).

12. *Id.*

13. *Id.*

14. Nelson v. United States, 109 U.S.App. D.C. 392, 288 F.2d 376 (1961).